# In the United States Court of Federal Claims

ZENOBIA DENELLE WILSON,

                *Plaintiff,*

v.

THE UNITED STATES,

                *Defendant.*

No. 24-335
(Filed: October 16, 2024)

Zenobia Denelle Wilson, Washington, DC, pro se.

Kristin E. Olson, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
Granting the Government's Motion to Dismiss and
Denying Ms. Wilson's Motion to Stay

**SILFEN,** *Judge.*

Zenobia Denelle Wilson, proceeding without an attorney, filed a complaint in this court alleging that she was the victim of fraud by various banks, private individuals, the D.C. Superior Court, and the "United States Corporation." Ms. Wilson was recently evicted from a property in Washington, D.C., and she alleges that those parties conspired to defraud her, resulting in the eviction, and that she should not have been evicted. ECF No. 1 at 2-3 [¶2-6]. As part of her complaint, Ms. Wilson requests a stay of a writ of restitution from the D.C. Superior Court. ECF No. 2. The government moves to dismiss Ms. Wilson's complaint. ECF No. 13. This court does not have jurisdiction over Ms. Wilson's suit because her claims are not against the federal government; instead, they are against private individuals, private companies, and the D.C. Superior Court, and

1

this court lacks jurisdiction over suits against those parties. Ms. Wilson's tort claims are also outside this court's jurisdiction. Thus, this court **grants** the government's motion to dismiss, **denies** Ms. Wilson's motion to stay, and **dismisses** Ms. Wilson's complaint.

I.     **Background**

Ms. Wilson owned property in Washington, D.C., subject to a mortgage held by U.S. Bank. *U.S. Bank, N.A. v. Wilson*, No. 2018-CA-001124-R, Complaint (D.C. Sup. Ct. Feb. 16, 2018). U.S. Bank began foreclosure proceedings against Ms. Wilson in D.C. Superior Court in early 2018 and received a default judgment in December 2018. *Id.*, Judgment (Dec. 20, 2018). In 2019, U.S. Bank filed a new case seeking a writ of restitution to evict Ms. Wilson from the foreclosed property. ECF No. 1-1 at 1 (*U.S. Bank, N.A. v. Wilson*, No. 2019-LTB-011635, Docket Summary (D.C. Sup. Ct. June 3, 2019)).

In November 2022, while the eviction proceeding was still pending, Ms. Wilson filed a complaint against U.S. Bank in the United States District Court for the District of Columbia for "the unlawful act of conversion on [her] private property," "theft pursuant to" D.C. Code § 22-3211(a)(1), (2), and "fil[ing] a false claim" that led to "administrative officers assist[ing] with the theft." *Wilson v. U.S. Bank, N.A.*, No. 22-cv-3584, 2023 WL 9468250, at *1 (D.D.C. Feb. 8, 2023). The district court dismissed her case as "patently frivolous" in February 2023. *Id.* at *4.

In September 2023, the D.C. Superior Court granted U.S. Bank the writ of restitution, ordering Ms. Wilson to vacate the property. ECF No. 1-1 at 9. The next month, Ms. Wilson responded by filing another complaint in the D.C. district court, alleging a conspiracy to wrongfully evict her. *Wilson v. U.S. Bank, N.A.*, No. 23-cv-3058, ECF No. 1 (D.D.C. Oct. 13, 2023). U.S. Bank evicted Ms. Wilson in February 2024. ECF No. 1-1 at 11.

Ms. Wilson then filed a complaint in this court in March 2024. ECF No.1. In May 2024, the D.C. district court dismissed her wrongful-eviction complaint for lack of subject-matter

jurisdiction and for failure to state a claim. *Wilson v. U.S. Bank, N.A.*, No. 23-cv-3058, 2024 WL 2110142, at *1 (D.D.C. May 10, 2024).

**II.   Discussion**

The government moves to dismiss this suit for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. ECF No. 13; *see* Rules of the Court of Federal Claims, Rules 12(b)(1), (6).

Ms. Wilson requests that this court vacate the judgment of the D.C. Superior Court, give her back the property, grant monetary relief including "moving fees, restitution, [and] court costs," and "provide full disclosure of all the accounting and profits made off all the transactions conducted on this property and proceeds from lower court cases to make the beneficiary whole." ECF No. 1 at 4 [¶4]; *id*. at 3 [¶¶5-6]; ECF No. 2. She alleges that U.S. Bank, other private banks, and private individuals are registered to conduct business within the United States and are therefore acting on behalf of the United States, creating standing to sue the United States under the Federal Tort Claims Act. ECF No. 1 at 2. Even when liberally construed in the light most favorable to Ms. Wilson, this court does not have jurisdiction over her complaint.

The Tucker Act primarily defines this court's jurisdiction. It gives the court exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act provides the court with "jurisdiction to render judgment upon any claim against the United States founded … upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This

3

court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The court has therefore exercised its discretion in this case to examine the pleadings and record to see if Ms. Wilson "has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). The court must generally "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff" when determining if subject-matter jurisdiction exists. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

### A.   The United States is the only proper defendant in this court

Ms. Wilson's complaint names as defendants the U.S. Bank National Association, U.S. Bancorp, Lasalle Bank, "Bear Stearns Asset Back Securities I Trust 2001-HE3," Samuel I. White, PC, Russell Richardson, Superior Court of the District of Columbia Civil Division Landlord & Tenant Branch, and the "United States Corporation." ECF No. 1.

This court only has jurisdiction over claims against the federal government. 28 U.S.C. § 1491. "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). It lacks jurisdiction over the private companies and private individuals that Ms. Wilson names in her complaint. *See Beauvais v. United States*, No. 24-1353, 2024 WL 2860170, at *1 (Fed. Cir. June 6, 2024) (holding that suits against private companies are "plainly beyond the jurisdiction of the Claims Court"); *Martin v. United States*, No. 22-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("For example, the court can only hear claims against the government;

thus, it cannot hear claims brought against individuals, even individuals alleged to be federal officials."). Thus, the court must dismiss Ms. Wilson's claims against the banks and individuals named in her complaint.

The court also lacks jurisdiction over state and local entities and people employed by state and local entities. *Curry v. United States*, 787 F. App'x 720, 722-23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities). That includes the District of Columbia and its agents, including the D.C. Superior Court. *Sindram v. United States*, 67 Fed. Cl. 788, 794 (2005) ("Congress has not authorized the court to adjudicate claims against the District of Columbia or any of its agencies." (citing 28 U.S.C. § 1491)); *see also Poblete v. United States*, No. 17-1069C, 2017 WL 6334790, at *4 n. 3 (Fed. Cl. Dec. 12, 2017) ("The Court also notes that … the District of Columbia and its courts are not agents of the United States.").

Furthermore, this court does not sit in review of other courts. *See Allustiarte v. United States*, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001). Allowing this court to review the determinations of the D.C Superior Court or D.C. district court would "permit collateral attacks" on the judgments of those courts. *Id.* at 1352 (marks omitted). Ms. Wilson asks this court to "void the lower court [judgment] as invalid," and she moves to stay the D.C. Superior Court's judgments. ECF No. 1 at 4 [¶4]; ECF No. 2. The review that Ms. Wilson seeks would require this court to revisit the D.C. Superior Court's and district court's determinations. This court cannot do that.

Liberally construing the complaint in the light most favorable to Ms. Wilson, the allegations focus on disputes between Ms. Wilson and her bank. While Ms. Wilson names the "United States Corporation" as a defendant, she does not allege any specific action undertaken by the United States that would give rise to jurisdiction in this court. *See* ECF No. 1. Nor does Ms. Wilson

5

allege or provide evidence that she had a contract with the government or that U.S. Bank was acting on behalf of the government. ECF No. 1; s*ee Erikson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract."). Instead, Ms. Wilson's complaint alleges actions by other non-federal-government parties.

Ms. Wilson's claims are all against entities that are not the federal government or its agents, and they must be dismissed for lack of subject-matter jurisdiction.

### B. This court does not have jurisdiction over tort claims

According to Ms. Wilson, U.S. Bank is an agent acting on behalf of the United States, so this court has jurisdiction over U.S. Bank's and its co-conspirators' alleged fraudulent actions. ECF No. 1 at 2 [¶2]. Fraud, and conspiracy to commit fraud, are torts. *Phu Mang Phang v. United States*, 388 F. App'x 961, 963 (Fed. Cir. 2010) (holding that fraud is a tort and that the Court of Federal Claims therefore lacks jurisdiction); *see Jacobs v. United States*, No. 09-146, 2010 WL 2594320, at *5 (Fed. Cl. June 23, 2010) (collecting cases and explaining that the Court of Federal Claims lacks jurisdiction over torts including conspiracy). Under the Federal Tort Claims Act, tort claims against the United States are in the "exclusive jurisdiction" of federal district courts, not this court. 28 U.S.C. § 1346(b)(1). The Tucker Act explicitly excludes tort claims from this court's jurisdiction. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States ... in cases not sounding in tort."); *Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims['] jurisdiction claims sounding in tort."); *Phu Mang Phang*, 388 F. App'x at 963; *Jacobs*, 2010 WL 2594320, at *5. Thus, even if U.S. Bank were an agent of the United States—which it is not; it is a private

company—this court lacks jurisdiction over the tortious actions Ms. Wilson alleges. 28 U.S.C. § 1491(a).

      **C.**      **This court cannot issue a stay and cannot provide a jury trial**

Ms. Wilson filed a document titled a "motion to stay and set aside order and affidavit of jurisdiction." ECF No. 2. Because, as discussed above, the court does not have jurisdiction over Ms. Wilson's complaint, it cannot issue a stay. Likewise, it cannot provide a jury trial, as requested in Ms. Wilson's complaint (ECF No. 1 at 4 [¶7]). *See also Seaboard Lumber Co. v. United States*, 903 F.2d 1560, 1566-67 (Fed. Cir. 1990).

**III.**    **Conclusion**

This court **grants** the government's motion to dismiss (ECF No. 13), **denies** Ms. Wilson's motion to stay (ECF No. 2), and **dismisses** Ms. Wilson's complaint. The Clerk of the Court shall enter judgment accordingly.

      **IT IS SO ORDERED.**

         s/ Molly R. Silfen
         MOLLY R. SILFEN
         Judge